UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARK R. PERRY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:13 CV 1403 DDN |
| IAN WALLACE, | ) | |
| Respondent. | ) | |

## MEMORANDUM

This action is before the court on the motions of petitioner Mark R. Perry and respondent Ian Wallace. (Docs. 16, 18, 19, 20.) On July 15, 2013, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) The parties have consented to the exercise of plenary authority by the undersigned Magistrate Judge under 28 U.S.C. § 636(c).

Petitioner moves for a judgment in his favor, arguing that respondent failed to respond to the habeas petition by January 16, 2013. (Doc. 18.) However, respondent filed a response on January 16, 2013. (Doc. 17.) Accordingly, the court denies petitioner's immediate motion for a judgment in his favor.

Petitioner also moves for a stay, stating his intent to file an extraordinary writ in state court in order to properly exhaust state remedies. (Doc. 19.) Respondent agrees that petitioner should have an opportunity to file an extraordinary writ but requests dismissal. (Doc. 17 at 4.) The Supreme Court of the United States has held that courts may issue stay and abeyance orders in habeas cases under certain circumstances involving petitions that have both exhausted and unexhausted claims. Rhines v. Weber, 544 U.S. 269, 278 (2005). Specifically, courts use stay-and-abeyance orders rather than outright dismissal to prevent the federal statute of limitations from barring the exhausted claims as a petitioner exhausts unexhausted claims in state court. Id. at 274-75.

However, here, where petitioner has presented neither of his claims to a state court, the court finds a stay-and-abeyance order unnecessary to protect petitioner's interests. (Doc. 19 at

1.) The concerns regarding the effect of the federal one-year statute of limitations on exhausted claims do not apply here, because the limitations period commences upon the latest of several events, none of which has occurred yet. 28 U.S.C. § 2244(d).

Therefore, the court dismisses this action for failure to exhaust state remedies and without prejudice to petitioner refiling a federal habeas petition following the exhaustion of state remedies.

For the reasons stated above, the court dismisses the petition of Mark R. Perry for a writ of habeas corpus under 28 U.S.C. § 2254.

A certificate of appealability will not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

An appropriate Judgment Order is issued herewith.


      /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 28, 2014.